IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>  Plaintiff,<br><br>  v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT/SPECIAL EDUCATION LOCAL PLAN AREA (DIABLO), et al.,<br><br>  Defendants. | Case No. 20-cv-03368-MMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are pro se plaintiff Michael Geary Wilson's ("Wilson") complaint and application to proceed in forma pauperis, both filed May 14, 2020. Having read and considered plaintiff's filings, the Court rules as follows.

Based on the information provided in plaintiff's application to proceed in forma pauperis, the Court finds plaintiff lacks funds to pay the filing fee, and, accordingly, said application is hereby GRANTED.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious." See 28 U.S.C. § 1915(e)(2)(B). The Court thus turns to the question of whether the complaint "state[s] a claim on which relief may be granted." See id.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), and requires each allegation to be "simple, concise, and direct," see Fed. R. Civ. P. 8(d)(1). A complaint complies with Rule 8 when it "sets forth who is

being sued, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996).  By contrast, a complaint that lacks "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint," and is subject to dismissal. See id. at 1180; see also Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir.2011) (noting, "[w]hile the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling") (internal quotation and citation omitted).

Here, plaintiff's complaint, which consists of 198 pages of text, contains twenty-seven Claims for Relief against 122 defendants, including a school district, multiple local governments, a California superior court, a superior court judge, local government officials, police officers, and a number of private law firms and attorneys.  For the reasons set forth below, plaintiff's claims cannot proceed as pleaded.

First, plaintiff's complaint is needlessly long, and much of it consists of "verbose, confusing" allegations, see Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981), including multiple, lengthy "verbatim transcript[s]" of conversations (see Compl., filed May 14, 2020, at 99:3; see also, e.g., id. at 99:5-107:15, 109:24-121:22).  Such a complaint does not conform to the requirements of Rule 8.  See, e.g., Nevijel, 651 F.2d at 674 (upholding dismissal, under Rule 8, of complaint that "consisted of 48 pages with 14 pages of addenda and 9 pages of exhibits" and was "verbose, confusing and almost entirely conclusory"); Hatch v. Reliance Ins. Co., 758 F/2d 409, 415 (9th Cir. 1985) (upholding dismissal, under Rule 8, of complaint that "exceeded 70 pages in length, [and was] confusing and conclusory").

Moreover, the Court cannot readily determine from the complaint the injuries for which each defendant is allegedly liable.  In particular, although the complaint contains specific factual allegations regarding the alleged wrongdoing of at least some of the defendants, plaintiff does not adequately connect such acts to the harms he allegedly

2

1  suffered. Instead, after nearly 150 pages of factual allegations and a 20-page "summary
2  of federal & state crimes perpetrated by defendants" (see Compl. at 144:4), plaintiff
3  broadly alleges "the foregoing wrongful acts by defendants" (see id. at 164:1) deprived
4  him of 33 "rights" (see id. at 164:5) and caused him to suffer more than a dozen other
5  injuries.

6  Similarly, plaintiff does not adequately plead "what circumstances were supposed
7  to have given rise to the various causes of action." See McHenry, 84 F.3d at 1178. Each
8  of plaintiff's twenty-seven claims, all but four of which are brought against all 122
9  defendants, incorporates by reference the entirety of the complaint's 150 pages of factual
10 allegations, and, although some of the claims include additional factual allegations, the
11 majority consist essentially of "a formulaic recitation of the elements." See Bell Atlantic
12 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation, citation, and alteration
13 omitted). Given the complaint's considerable length and the number of defendants
14 against whom plaintiff seeks relief, such wholesale incorporation of the complaint's
15 factual allegations fails to sufficiently identify which alleged acts or omissions form the
16 basis of any particular defendant's alleged liability.

17 In short, "despite all the pages, requiring a great deal of time for perusal," the
18 Court and defendants "cannot determine from the complaint who is being sued, for what
19 relief, and on what theory, with enough detail to guide discovery," as the complaint fails to
20 include "clear and concise averments stating which defendants are liable to plaintiff[ ] for
21 which wrongs." See McHenry, 84 F.3d at 1178.

22 Accordingly, the complaint will be dismissed.

23 The Court notes this is not the first time plaintiff has been warned that his
24 pleadings must comply with Rule 8, see Wilson v. Mount Diablo Unified School District, et
25 al., 18-cv-3973-JD, Doc No. 24 (dismissing, under Rule 8, complaint filed by plaintiff
26 "consist[ing] of 66 pages of largely incomprehensible allegations that fail to give any
27 putative defendant fair notice of what she is being called to answer"), and the Court has
28 already expended considerable time and effort considering the claims plaintiff alleges

here, all to no productive end, see, e.g., McHenry, 84 F.3d at 1179 (noting "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges"); see also Cafasso, 637 F.3d at 1059 (noting "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations").

Nevertheless, plaintiff will be afforded leave to amend "to present a short, simple, concise, and direct statement respecting the alleged wrongdoing of each [defendant]." See Schmidt v. Hermann, 614 F.2d 1221, 1223 (9th Cir. 1980).  Any such amended complaint must "state[ ] clearly how each and every defendant violated [plaintiff's] legal rights," see McHenry, 84 F.3d at 1176, and must clearly link each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's complaint is hereby DISMISSED with leave to amend to cure the deficiencies noted.

2. If plaintiff wishes to file a First Amended Complaint, he shall do so no later than August 7, 2020.  Plaintiff may not, however, add any new claims or new defendants without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

3. In light of the above, the Case Management Conference currently scheduled for August 17, 2020, is hereby CONTINUED to October 9, 2020.

**IT IS SO ORDERED.**

Dated: July 14, 2020

MAXINE M. CHESNEY
United States District Judge