IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT/SPECIAL EDUCATION LOCAL PLAN AREA (DIABLO), et al.,<br><br>Defendants. | Case No. 20-cv-03368-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Re: Doc. No. 34 |

The Court is in receipt of plaintiff Michael Geary Wilson's "Letter Re: The Disqualification of Assigned Judge" and "Declaration of Biases and Prejudices" submitted in support thereof, both filed July 23, 2020, pursuant to "28 USC § 144, 455, 1746; Civil Local Rule 3-14 (Commentary)," which filings the Court construes as a motion to disqualify. Having read and considered the motion, the Court rules as follows.

Pursuant to 28 U.S.C. § 144, whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." See 28 U.S.C. § 144. For purposes of § 144, however, an affidavit, or, in the alternative, a declaration under penalty of perjury, "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming from an extrajudicial source," see United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980), i.e., a source other than "conduct or rulings made during the course of the proceeding," see Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

Here, the declaration submitted by plaintiff in support of the instant motion is predicated on plaintiff's challenge to local rules and judicial rulings.  As neither such disagreement constitutes a legally cognizable ground for recusal, the Court finds said declaration is not legally sufficient.  See id.  Consequently, to the extent plaintiff's motion is based on § 144, it will be denied.

The Court next turns to § 455, pursuant to which a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," see 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party," see 28 § 455(b)(1).  "The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)."  Sibla, 624 F.2d 867.  Here, as set forth above, plaintiff has failed to make the requisite showing under § 144, nor has plaintiff shown or the Court determined any other ground for recusal under § 455 exists.  Consequently, to the extent plaintiff's motion is based on § 455, it will be denied as well.

Accordingly, for the reasons set forth above, the above-referenced motion to disqualify is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 24, 2020

MAXINE M. CHESNEY
United States District Judge