IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOUNT DIABLO UNIFIED SCHOOL DISTRICT/SPECIAL EDUCATION LOCAL PLAN AREA (DIABLO), et al.,<br><br>　　　　Defendants. | Case No. 20-cv-03368-MMC<br><br>**ORDER OF DISMISSAL** |

　　　　Before the Court is plaintiff Michael Geary Wilson's "Incomplete & Incorrect First Amended & Supplemented Complaint for Injunctive Relief, Setting Aside Orders & Judgments, Damages, and Other Relief (FAC)," filed August 21, 2020, which filing the Court construes as plaintiff's First Amended Complaint ("FAC").[1]

　　　　Where, as here, a party proceeds in forma pauperis, the district court must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2), if such plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious." See 28 U.S.C. § 1915(e)(2)(B).  The Court thus turns to the question of whether the complaint "state[s] a claim on which relief may be granted."  See id.

　　　　By order filed July 14, 2020, the Court dismissed plaintiff's initial complaint, which

---

[1] On August 24, 2020, plaintiff filed a document titled "More Complete & More Correct First Amended & Supplemented Complaint for Injunctive Relief, Setting Aside Orders & Judgments, Damages, and Other Relief (FAC)."  Said document, which was filed after the deadline to amend (see Order, filed August 11, 2020, at 1:22 (extending deadline to August 21, 2020), suffers from the same deficiencies as those discussed below with regard to plaintiff's FAC.

comprised 198 pages of text, asserted twenty-seven Claims for Relief, and named 122 defendants, on the ground said pleading violated Rule 8 of the Federal Rules of Civil Procedure. In particular, the Court found the complaint was needlessly long, consisted of verbose and confusing allegations, and failed to sufficiently identify the alleged acts or omissions on which any particular defendant's alleged liability was predicated. See Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 8(d)(1) (requiring allegations to be "simple, concise, and direct"); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir.1996) (holding complaint violates Rule 8 where it lacks "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs").

In said order, plaintiff was afforded leave to amend "to present a short, simple, concise, and direct statement respecting the alleged wrongdoing of each defendant" (see Order, filed July 14, 2020, at 4:6-7 (quoting Schmidt v. Hermann, 614 F.2d 1221, 1223 (9th Cir. 1980) (internal alteration omitted)) and was informed that "any such amended complaint must 'state clearly how each and every defendant violated plaintiff's legal rights,' and must clearly link each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible" (see id. at 4:8-11 (quoting McHenry, 84 F.3d at 1176 (internal alterations omitted)).

As set forth below, rather than heed the Court's instructions, plaintiff has filed an FAC that compounds the deficiencies contained in the initial complaint.

First, although, as noted, the Court warned plaintiff that his 198-page initial complaint was needlessly long and instructed him "to present a short, simple, concise, and direct" amended complaint (see Order, filed July 14, 2020, at 4:6-7), plaintiff has tripled the length of his complaint, filing an FAC consisting of 609 pages of text and containing forty-seven Claims for Relief against 222 defendants, including a school district, several local governments, and multiple California superior courts, as well as numerous local government officials, superior court judges, police officers, private law firms and attorneys. Moreover, the FAC's allegations, which again include multiple

"verbatim transcript[s]" of conversations (see FAC ¶ 99), one of which extends over one hundred pages (see id. at 328:19-437:24), are even more prolix and confusing than those in the initial complaint, which pleading, as the Court explained in its order of dismissal, did not conform to the requirements of Rule 8.

Next, the FAC fails to clearly state "how each and every defendant violated [plaintiff's] legal rights." See McHenry, 84 F.3d at 1176. Each of the FAC's forty-seven claims, all but five of which are brought against all 222 defendants, incorporates by reference, as did the initial complaint, the entirety of the preceding factual allegations, which, in this instance, total more than five hundred pages. The majority of the claims themselves constitute no more than "a formulaic recitation of the elements." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation, citation, and alteration omitted). Given the FAC's considerable length and the number of defendants against whom plaintiff seeks relief, such wholesale incorporation of factual allegations fails to sufficiently identify the alleged acts or omissions on which any particular defendant's alleged liability is based.

Lastly, despite this Court's instructions, the FAC fails to clearly link each defendant to the alleged injury for which that defendant is alleged to be responsible. Instead, after over five hundred pages of factual allegations and a twenty-five-page "summary of federal & state crimes perpetrated by defendants" (see FAC at 532:2), plaintiff broadly alleges, as he did in his initial complaint, that "the foregoing wrongful acts by defendants" (see id. ¶ 502) deprived him of over thirty "rights" (see id. ¶ 502.b) and caused him to suffer more than a dozen other injuries.

In sum, "despite all the pages, requiring a great deal of time for perusal," the Court and defendants once again "cannot determine from the [FAC] who is being sued, for what relief, and on what theory, with enough detail to guide discovery," as the FAC fails to include "clear and concise averments stating which defendants are liable to plaintiff[ ] for which wrongs." See McHenry, 84 F.3d at 1178.

Accordingly, the FAC will be dismissed.

As the Court noted in its order dismissing the initial complaint, "this is not the first time plaintiff has been warned that his pleadings must comply with Rule 8" (see Order, filed July 14, 2020, at 3:23-24), and in the weeks since the Court made that observation, another action filed by plaintiff has been dismissed under Rule 8, see Wilson v. County of Contra Costa, et al., No. 20-cv-4160-WHA, 2020 WL 4901636, at *2 (N.D. Cal. Aug. 20, 2020) (dismissing plaintiff's 513-page complaint without leave to amend; noting that, "[d]espite multiple dismissals of his claims for failure to comply with Rule 8, plaintiff's complaints seem only to grow in length, allegations, and defendants").  Notwithstanding the repeated warnings plaintiff has received with regard to his need to comply with Rule 8, as well as this Court's detailed instructions regarding the deficiencies in plaintiff's initial complaint, the FAC fails to cure, and indeed exacerbates, those very deficiencies.  Under such circumstances, the Court finds further amendment would be futile.

## CONCLUSION

For the reasons stated above, the above-titled action is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: August 25, 2020

MAXINE M. CHESNEY
United States District Judge