United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON, | Case No. 20-cv-03368-MMC |
| Plaintiff, | |
| v. | **ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH; REVOKING IN FORMA PAUPERIS STATUS; DIRECTIONS TO CLERK** |
| MOUNT DIABLO UNIFIED SCHOOL DISTRICT/SPECIAL EDUCATION LOCAL PLAN AREA (DIABLO), et al., | |
| Defendants. | |

Before the Court is a Referral Notice issued to this Court by the United States Court of Appeals for the Ninth Circuit, referring the above-titled matter for the limited purpose of determining whether plaintiff-appellant Michael Geary Wilson's ("Wilson") in forma pauperis status should continue or be revoked. See 28 U.S.C. § 1915(a)(3) (providing "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"); Coppedge v. United States, 369 U.S. 438, 445 (1962) (holding "'good faith' . . . must be judged by an objective standard"; noting "good faith" is demonstrated when appellant seeks review of "any issue not frivolous"). Having reviewed the file and considered the matter, the Court rules as follows.

Plaintiff appeals "all proceedings and filed orders" in the above-titled action (see Notice of Appeal, filed August 25, 2020), which the Court understands to refer to orders adverse to him, specifically, this Court's orders dismissing plaintiff's initial and amended complaints (see Doc. Nos. 30, 53), denying plaintiff's motions to disqualify the undersigned (see Doc. Nos. 28, 35, 48), and denying plaintiff's second request to extend the deadline to file an amended complaint (see Doc. No. 47).

First, as set forth in detail in the Court's orders dismissing plaintiff's initial and amended complaints, plaintiff's pleadings failed to comply with Rule 8 of the Federal Rules of Civil Procedure, as interpreted by McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996).  (See Order, filed July 14, 2020 (finding plaintiff's Initial Complaint, which comprised 198 pages of text, asserted twenty-seven Claims for Relief, and named 122 defendants, was needlessly long, consisted of verbose and confusing allegations, and failed to sufficiently identify the alleged acts or omissions on which any particular defendant's alleged liability was predicated); Order, filed August 25, 2020 (finding plaintiff's First Amended Complaint, which comprised 609 pages of text, asserted forty-seven Claims for Relief, and named 222 defendants, constituted an exacerbation of the types of defects contained in his Initial Complaint).)

Second, as set forth in the Court's orders denying plaintiff's motions to disqualify the undersigned, plaintiff's "challenge to local rules and judicial rulings" failed to raise a legally cognizable ground for disqualification.  (See Order, filed July 24, 2020, at 2:2; see also Order, filed August 21, 2020.)[1]

Lastly, plaintiff lacked good cause for his second requested extension of the deadline to file an amended complaint, which request was based on his obligation to perform work in other cases in which he was involved.  Although the Court granted plaintiff's prior request for an extension on such grounds, the Court, in doing so, noted it was affording plaintiff "one extension" and made clear that, irrespective of plaintiff's obligations in other cases, "if [he] wishe[d] to proceed in the above-titled action, he [would] need to meet the deadlines set by this Court."  (See Order, filed August 11, 2020, at 1:19-22; see also, Order, filed August 21, 2020.)

Under such circumstances, any appeal of the above-referenced order would lack

---

[1] Further, in its order denying plaintiff's request that the Court "fully disclose on the record all bases to reasonably question [its] impartiality," the Court explained that, if any grounds for disqualification existed, it would have acted in accordance with the procedures required by statute.  (See Order, filed July 6, 2020, at 1:17-18.)

United States District Court
Northern District of California

an arguable basis in law or fact, and, consequently, would not seek review of a non-frivolous issue.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding appeal is "frivolous" where "none of the legal points are arguable on the merits" (alterations omitted)).

Accordingly, Wilson's in forma pauperis status is hereby REVOKED.

The Clerk shall serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: September 4, 2020

MAXINE M. CHESNEY
United States District Judge